UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
OFFICE OF THE CLERK
700 STEWART ST., LOBBY LEVEL
SEATTLE, WASHINGTON 98101

**BRUCE RIFKIN**
District Court Executive
Seattle, Washington

October 25, 2007

*FILED OCT 3 1 2007 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN JOSE*

Clerk's Office
Phillip Burton US Courthouse
Box 36060
450 Golden Gate Ave
San Francisco, CA 94102-3489

RE:    **USA vs. Tasya Geil**
       YOUR CASE NUMBER:    0971/5:07CR00656-01 JF
       OUR CASE NUMBER:     CR05-376P

Dear Clerk:

Pursuant to the Order Transferring Probation Jurisdiction in the above-captioned case, enclosed are certified copies of:

| | |
|---|---|
| X | Docket sheet |
| X | Indictment or Information |
| X | Judgment & Commitment |
| X | Plea Agreement - SEALED |
| X | Financial Case Record (from Financial Dept.) *- To SF - Finance* |
| | Other: |

Please acknowledge receipt of the above documents by returning the enclosed copy of this letter.

Sincerely,

BRUCE RIFKIN, DISTRICT COURT EXECUTIVE

By: _____
    Deputy Clerk

Enclosures
cc: AUSA, USPO
    FLU Unit - U.S. Atty's Office

Prob 22
(Rev 2/88)

# TRANSFER OF JURISDICTION

| | |
|---|---|
| Docket Number (Transferring Court) | CR05-00376P-001 |
| Docket Number (Receiving Court) | 0971/5:07CR00656-01 JF |

| NAME & ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| **TASYA GEIL** | WESTERN WASHINGTON | Seattle |

| | NAME OF SENTENCING JUDGE |
|---|---|
| | **The Honorable Marsha J. Pechman** |

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 03/10/06 | 03/09/11 |

| OFFENSE | **Conspiracy to Commit Bank Fraud** |
|---|---|

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE __WESTERN__ DISTRICT OF __WASHINGTON__

  IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the __Northern District of California__ upon the Court's order of acceptance of jurisdiction. The Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

10/6/07
DATE

_[signature]_
UNITED STATES DISTRICT JUDGE

* This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE __Northern__ DISTRICT OF __California__

  IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

OCT 1 2 2007
DATE

_James Ware_
UNITED STATES DISTRICT JUDGE

AO 245B (Rev. 6/05) Judgment in a Criminal Case (Rev. USAO 10/2005)
Sheet 1

# UNITED STATES DISTRICT COURT

WESTERN District of WASHINGTON

UNITED STATES OF AMERICA
v.
TASYA MARIE GEIL

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR05-376MJP
USM Number: None

JON R. ZULAUF
Defendant's Attorney

MAR 10 2006

**THE DEFENDANT:**

☒ pleaded guilty to the Information   (Date of Plea: October 20, 2005)

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count No. |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Bank Fraud. | February 1, 2005 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Counts _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

I hereby certify that the annexed instruments is a true and correct copy of the original on file in my office.
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By _____ Deputy Clerk

JANET FREEMAN
Assistant United States Attorney

March 10, 2006
Date of Imposition of Judgment

Signature of Judge

THE HONORABLE MARSHA J. PECHMAN, United States District Judge
Name and Title of Judge

March 10, 2006
Date

05-CR-00376-JGM

AO 245B (Rev. 6/05) Judgment in a Criminal Case (Rev. WAWD 10/2005)
Sheet 2 — Imprisonment

Case 2:05-cr-00376-MJP   Document 17   Filed 03/10/2006   Page 2 of 6

Judgment — Page __2__ of __6__

DEFENDANT: TASYA MARIE GEIL
CASE NUMBER: CR05-376MJP

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: _One (1) day, with credit for time served._

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 6/05) Judgment in Criminal Case (Rev. USAO 10/2005)
Sheet 3 — Supervised Release

Judgment—Page  3  of  6

DEFENDANT: TASYA MARIE GEIL
CASE NUMBER: CR05-376MJP

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **five (5) years**

- ☒ The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

- ☒ The defendant shall not commit another federal, state or local crime.

- ☒ The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. ~~The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, up to a maximum of ___ tests per month at dates and times directed by the U.S. Probation Officer.~~ (Check, if applicable.)

- ☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

- ☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court aswell as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 6/05) Judgment in Criminal Case (Rev. USAO 10/2005)
Sheet 3A — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT: TASYA MARIE GEIL
CASE NUMBER: CR05-376MJP

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in the home confinement program ~~with electronic monitoring~~ as directed by the probation officer for a period of _180_ days. ~~The defendant shall pay for the costs of the program as directed by the probation officer.~~

2. The defendant shall complete _200_ hours of community service as approved and directed by the probation officer, ~~to be completed within the first three years of supervision~~, at a rate of 75 hours per year. Credit for each hour in class working toward a BA or BS degree.

3. Restitution in the amount of $82,645 is due immediately. The defendant shall be jointly and severally liable for restitution with codefendants Milton Wright, Kervin Vaifoou, and Michael Vulcano. Any unpaid amount is to be paid during the period of supervision in monthly installments of not less than 10% of the defendant's gross monthly household income. Interest on the restitution shall be waived.

4. The defendant shall provide her probation officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of defendant's Federal Income Tax Returns.

5. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obtaining a loan without approval of the defendant's U.S. Probation Officer.

6. That defendant shall participate in financial management and/or credit counseling at the direction of the Probation Office.

AO 245B  (Rev. 6/05) Judgment in Criminal Case (Rev. USAO 10/2005)
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

**DEFENDANT:** TASYA MARIE GEIL
**CASE NUMBER:** CR05-376MJP

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 82,645.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Horizon Bank<br>Attn: Central Operations<br>P. O. Box 32150<br>Bellingham, WA 98226 | $82,645.00 | $82,645.00 | |
| **TOTALS** | $ 82,645.00 | $ 82,645.00 | |

☒ Restitution amount ordered pursuant to plea agreement   $ __82,645.00__

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☒ the interest requirement is waived for the    ☐ fine   ☒ restitution.

  ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

☒ The Court finds that the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 6/05) Judgment in Criminal Case (Rev. USAO 10/2005)
Sheet 6 – Schedule of Payments

Judgment — Page __6__ of __6__

**DEFENDANT:** TASYA MARIE GEIL
**CASE NUMBER:** CR05-376MJP

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

☒ PAYMENT IS DUE IMMEDIATELY. Any unpaid amount shall be paid:

- ☒ During the period of imprisonment, no less than 10 % of their inmate gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program.

- ☒ During the period of supervised release, in monthly installments amounting to not less than 10 % of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

- ☐ During the period of probation, in monthly installments amounting to not less than ____ % of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible. The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.

All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to: United States District Court, Western District of Washington. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified at page ____ of this Judgment.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

TASYA MARIE GEIL, Defendant, CR05-376MJP, $82,645.00
MICHAEL A. VULCANO, Codefendant, CR05-215MJP - $77,645.00; CR05-376MJP - $5,000.00
KERVIN VAIFOOU, Codefendant, CR05-215MJP - $77,645.00
MILTON LEE WRIGHT, Codefendant, CR05-215MJP, $77,645.00; CR05-376MJP - $5,000.00

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,

BOND, CLOSED

# U.S. District Court
## United States District Court for the Western District of Washington
### (Seattle)
## CRIMINAL DOCKET FOR CASE #: 2:05-cr-00376-MJP All Defendants
### Internal Use Only

Case title: USA v. Geil
Magistrate judge case number: 2:05-mj-00265-MJB

Date Filed: 10/17/2005
Date Terminated: 03/10/2006

Assigned to: Hon. Marsha J. Pechman

**Defendant**

**Tasya Geil** (1)
*TERMINATED: 03/10/2006*

represented by **Jon Robert Zulauf**
ZULAUF & CHAMBLISS
1809 7TH AVE
STE 1301
SEATTLE, WA 98101
206-682-1114
Fax: FAX 343-5015
Email: JonZulauf@ZulaufandChambliss.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

I hereby certify that the annexed instruments is a true and correct copy of the original on file in my office.
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By _____ Deputy Clerk

**Pending Counts**

Conspiracy to Commit Bank Fraud 18:1349
(1)

**Disposition**

Deft is committed to the custody of AG for One Day with Credit for time served to be followed by 5 yrs of supervised release w/conditions. Home confinement program for a period of up to 180 days. Deft to complete 200 hrs community service to be done at 75 hrs a year. For every class she takes in college will count

as community service. Restitution - $82,645.00 joint and several. Fine- waived; special assessment fee of $100.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

---

**Plaintiff**

USA

represented by **Janet Freeman**
US ATTORNEY'S OFFICE (SEA)
700 STEWART ST
STE 5220
SEATTLE, WA 98101-1271
206-553-7970
Email: Janet.Freeman@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/06/2005 | 1 | *SEALED* (Court only) NON-PUBLIC Financial Affidavit by Tasya Geil signed by Judge Monica J. Benton.(HAZ, ) [2:05-mj-00265-MJB] (Entered: 06/06/2005) |
| 06/06/2005 | 2 | CJA 20 as to Tasya Geil: Appointment of Attorney Jon Robert Zulauf for Tasya Geil signed by Judge Monica J. Benton. |

| | | |
|---|---|---|
| | | (HAZ, ) [2:05-mj-00265-MJB] (Entered: 06/06/2005) |
| 10/17/2005 | | Case unsealed as to Tasya Geil (JK, ) [2:05-mj-00265-MJB] (Entered: 10/18/2005) |
| 10/17/2005 | 3 | FELONY INFORMATION as to Tasya Geil (1) count(s) 1. (JK, ) (Entered: 10/18/2005) |
| 10/17/2005 | 4 | NOTICE of Related Case CR05-215 MJP filed by attorney Janet Freeman. (JK, ) (Entered: 10/18/2005) |
| 10/19/2005 | | Case as to Tasya Geil Reassigned to Judge Marsha J. Pechman as related to case number CR05-215MJP. All pleadings filed in the future shall bear case number CR05-376MJP. Judge John C Coughenour no longer assigned to the case. (JM, ) (Entered: 10/19/2005) |
| 10/20/2005 | 5 | WAIVER OF INDICTMENT by Tasya Geil (JN, ) (Entered: 10/20/2005) |
| 10/20/2005 | 6 | Minute Entry for proceedings held before Judge James P. Donohue - CRD: *P Voelker*; AUSA: *Janet Freeman*; Def Cnsl: *Jon Zulauf*; Time of Hearing: *11:30*; Courtroom: *12B*; **INITIAL APPEARANCE AND PLEA** as to Tasya Geil held on 10/20/2005. Defendant placed under oath and advised of rights/charges/penalties; Defendant executes Consent to Rule 11 Plea in a felony case before a U.S. Magistrate Judge; Defendant waives indictment by the Grand Jury; Defendant age = 26; Education = completing 5th yr of college; Court reviews the plea agreement (FILED UNDER SEAL); Defendant Pleads guilty to count(s) in Information; Remaining Counts to be dismissed at sentencing. Court finds the Defendant is competent to enter a guilty plea; Court signs the Report and Recommendation and Counsel have ten days to file objections; Court orders the preparation of a Presentence Report. Defendant(s) placed/remains on bond. Sentencing set for 2/3/2006 at 09:00 AM before Hon. Marsha J. Pechman. (JN, ) (Entered: 10/20/2005) |
| 10/20/2005 | 7 | CONSENT TO RULE 11 PLEA in a felony case as to Tasya Geil (JN, ) (Entered: 10/20/2005) |
| 10/20/2005 | 8 | SEALED PLEA AGREEMENT as to Tasya Geil. As this document is sealed, Both attorneys and the USPO will receive a hard copy of the document. (JN, ) (Entered: 10/20/2005) |
| 10/20/2005 | 9 | REPORT AND RECOMMENDATION re Plea of Guilty as to |

| | | |
|---|---|---|
| | | Tasya Geil by Judge James P. Donohue. (cc: USPO) Noting Date 11/4/2005. (Attachments: # 1 Proposed Acceptance of Plea) (JN, ) (Entered: 10/20/2005) |
| 10/20/2005 | 10 | Appearance Bond Entered as to Tasya Geil (1) Straight PR- no supervision. (cc: PTS/USPO/USMO) (JN, ) (Entered: 10/20/2005) |
| 11/03/2005 | 11 | ORDER OF ACCEPTANCE OF PLEA OF GUILTY, ADJUDICATION OF GUILT, AND NOTICE OF SENTENCING as to Tasya Geil by Judge Marsha J. Pechman. (cc: USPO) (MD, ) (Entered: 11/04/2005) |
| 01/27/2006 | | Reset Hearing as to Tasya Geil: At the request of the parties, the sentencing hearing scheduled for 2/3/06 is rescheduled for 3/10/06 at 2:00 p.m. before Hon. Marsha J. Pechman. (ES) (Entered: 01/27/2006) |
| 03/03/2006 | 12 | SEALED DOCUMENT *Presentence Report* by Tasya Geil (Zulauf, Jon) (Entered: 03/03/2006) |
| 03/06/2006 | 13 | SEALED MOTION *for Downward Departure* by USA as to Tasya Geil. Noting Date 3/10/2006.(Freeman, Janet) (Entered: 03/06/2006) |
| 03/07/2006 | 14 | SENTENCING MEMORANDUM and Motion to Depart from Sentencing Guidelines by USA as to Tasya Geil (Freeman, Janet) (Entered: 03/07/2006) |
| 03/08/2006 | 15 | SEALED DOCUMENT *Supplemental to Presentence Report* by Tasya Geil re 12 Sealed Document (Zulauf, Jon) (Entered: 03/08/2006) |
| 03/10/2006 | 16 | Minute Entry for proceedings held before Judge Marsha J. Pechman - CRD: *Eileen Scollard*; AUSA: *Janet Freeman*; Def Cnsl: *Jon Zulauf*; USPO: *Todd Sanders*; Court Reporter: *Joe Roth*. **SENTENCING** held on 3/10/2006 for Tasya Geil (1), Count(s) 1, Deft is committed to the custody of AG for One Day with Credit for time served to be followed by 5 yrs of supervised release w/conditions. Home confinement program for a period of up to 180 days. Deft to complete 200 hrs community service to be done at 75 hrs a year. For every class she takes in college will count as community service. Restitution - $82,645.00 joint and several. Fine-waived; special assessment fee of $100. (MD, ) (Entered: 03/13/2006) |
| 03/10/2006 | 17 | JUDGMENT as to Tasya Geil by Judge Marsha J. Pechman. |

| | | |
|---|---|---|
| | | (cc: USPO, PTS, USMO, FLU, Fin.) (MD, ) (Entered: 03/13/2006) |
| 10/25/2007 | 18 | Probation Transfer Letter as to defendant Tasya Geil. Probation is transferred to District of Northern District of CA. Other district case number: 0971/5:07cr00656-01 JF. Transmitted Transfer of Jurisdiction form, with certified copies of docket sheet, indictment or information, judgment, plea agreement, and financial record. (cc: USPO) (MD, ) (Entered: 10/25/2007) |

# MEMORANDUM

United States Probation Office
Western District of Washington

**Date:**     October 24, 2007

**To:**       Mary Duett
              Seattle Clerk's Office

**From:**     Christina Scholbe
              Supervisory Clerk

**Subject:**  GEIL, Tasya
              Docket No.: CR05-00376P-001
              **TRANSFER OF JURISDICTION**

Attached is an original Probation Form 22 for the above-named individual which was signed by the judge in the Northern District of California, approving transfer of jurisdiction to that district. It was inadvertently sent to the probation office. Please send me a certified copy of the Form 22 so we can close our file. Thank you.

Magistrate Judge James P. Donohue

FILED ____ ENTERED
LODGED ____ RECEIVED

OCT 20 2005

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

TASYA GEIL,

Defendant.

NO. CR05-376MJP

REPORT AND RECOMMENDATION CONCERNING PLEA

The defendant, by consent, has appeared before me pursuant to Rule 11, Fed. R. Crim. P., and has entered a plea of guilty to the Information. After examining the defendant under oath, I determined that the guilty plea was knowingly, intelligently, and voluntarily made, and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense. I therefore ordered a presentence report. Subject to the Court's consideration of the Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(3), I recommend that the defendant be adjudged guilty and have sentence imposed.

DATED this 20th day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

05-CR-00376-RPT

**NOTICE**

Objections to this Report and Recommendation are waived unless filed and served within ten (10) days. 28 U.S.C. § 636(b)(1)(B).

I hereby certify that the annexed instruments is a true and correct copy of the original on file in my office.
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By _____

RULE 11 PLEA/GEIL
CR05-376MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

```
____ FILED      ____ ENTERED
____ LODGED     ____ RECEIVED

OCT 17 2005    DJ

            AT SEATTLE
    CLERK U.S. DISTRICT COURT
  WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

05-265

| UNITED STATES OF AMERICA, | ) | **CR05 0376 C** |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | INFORMATION |
| TASYA GEIL, | ) | (Felony) |
| Defendant. | ) | |

05-CR-00376-INFO

I hereby certify that the annexed instruments is a true and correct copy of the original on file in my office.
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By _____
                 Deputy Clerk

The United States Attorney charges that:

## COUNT 1
### (Conspiracy to Commit Bank Fraud)

### A. The Offense

1. Beginning at an exact time unknown, but from as early as October of 2004, and continuing through February 1, 2005, within the Western District of Washington, and elsewhere, the defendant, TASYA GEIL, did willfully and knowingly combine, conspire, confederate, and agree with others known and unknown to the United States Attorney, to execute a scheme and artifice to defraud Horizon Bank, a federally insured financial institution, and to obtain moneys and funds under the custody and control of Horizon Bank by means of false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Sections 1344 and Section 2 [hereinafter "the scheme and artifice"].

INFORMATION/USA v. TASYA GEIL - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

2. At all times material to this Information, Horizon Bank was a financial institution as defined by Title 18, United States Code, Section 20.

### B. Purpose of the Conspiracy

3. The purpose of the conspiracy was to obtain fraudulently funds of Horizon Bank [hereinafter "the Bank"] by purporting to be actual account holders of the Bank and by presenting false identification documents to the Bank for the purpose of withdrawing funds of the Bank without the Bank's authorization or consent.

### C. Manner and Means of the Conspiracy

4. It was a part of the conspiracy that TASYA GEIL obtained the means of identification of certain accountholders, to include the account holders' names, Social Security Numbers, dates of birth and account numbers. She obtained the account holder information from the Bank's customer records. The actual accountholders did not authorize the use of their means of identifications in this manner, and did not know that their personal information was being used for this purpose.

5. It was further a part of the conspiracy that one or more conspirators, using the means of identification identified above, thereafter created false and fraudulent identification documents, such as Washington Driver's Licenses, to carry out the scheme and artifice.

6. It was further a part of the conspiracy that one or more conspirators presented a fraudulent identification document to the Bank, while purporting to be an accountholder of the Bank, for the purpose of withdrawing funds of the Bank in the form of cash and cashiers checks.

7. It was further a part of the conspiracy that, after obtaining funds from the Bank in this fraudulent manner, one or more conspirators used the funds for their personal use and benefit.

## D. Overt Acts

8. In furtherance of the conspiracy, the following overt acts were committed by one or more of the conspirators:

9. In or around October 2004 through December 2004, TASYA GEIL (an employee of the Bank) printed from the records of Horizon Bank the profiles of actual accountholders, including the profiles of W.T. and D.W., which included their names, addresses, dates of birth, social security numbers and account numbers.

10. In or around October 2004 through December 2004, a conspirator, Milton Lee Wright, provided the accountholder profiles of W.T. and D.W. to another conspirator for the purpose of creating false and fraudulent Washington Driver's Licenses in the names of W.T. and D.W.

11. In or around October 2004 through December 2004, a conspirator took a photograph of Michael A. Vulcano, another conspirator, and created false and fraudulent Washington Driver's Licenses in the names of W.T., J.C. and L.F.

12. On or about December 23, 2004, Michael A. Vulcano presented to TASYA GEIL, at her teller station at the Barkley branch of Horizon Bank, the fraudulent Washington Driver's License in the name of W.T.

13. On or about December 23, 2004, TASYA GEIL withdrew funds of the Bank from the account of W.T. and provided the funds, totaling $77,645, to Michael A. Vulcano, as follows: $9,000 in the form of currency and $68,645 in the form of seven cashiers checks payable to the names of either J.C. or L.F.

14. On or about December 23, 2004, Michael A. Vulcano presented to Horizon Bank in Bellingham, Washington, a fraudulent Washington Driver's License in the name of J.C. for the purpose of cashing a cashiers check, number 44970, in the amount of $10,000.

15. On or about December 23, 2004, Michael A. Vulcano presented to Horizon Bank in Everett, Washington, a fraudulent Washington Driver's License in the name of J.C. for the purpose of cashing a cashiers check, number 44971, in the amount of $10,000.

16. On or about December 24, 2004, Michael A. Vulcano presented to Horizon Bank in Mount Vernon, Washington, a fraudulent Washington Driver's License in the name of J.C. for the purpose of cashing a cashiers check, number 44968, in the amount of $10,000.

17. On or about December 24, 2004, Michael A. Vulcano presented to Horizon Bank in Burlington, Washington, a fraudulent Washington Driver's License in the name of J.C. for the purpose of cashing a cashiers check, number 44969, in the amount of $10,000.

18. On or about December 24, 2004, Michael A. Vulcano presented to Horizon Bank in Marysville, Washington, a fraudulent Washington Driver's License in the name of J.C. for the purpose of cashing a cashiers check, number 44974, in the amount of $10,000.

19. On or about December 24, 2004, Michael A. Vulcano presented to Horizon Bank in Lynnwood, Washington, a fraudulent Washington Driver's License in the name of L.F. for the purpose of cashing a cashiers check, number 44973, in the amount of $9,445.

20. On or about December 24, 2004, Michael A. Vulcano presented to Horizon Bank in Edmonds, Washington, a fraudulent Washington Driver's License in the name of J.C. for the purpose of cashing a cashier's check, number 44972, in the amount of $9,200.

21. In or around October 2004 through January 2005, one conspirator took a photograph of another conspirator, and used the photograph to create a fraudulent Washington Driver's License in the name of D.W.

22.  On or about February 1, 2005, a conspirator, purporting to be D.W., presented to a teller of Horizon Bank a fraudulent Washington Driver's License in the name of D.W. and withdrew $5,000 from the account of D.W.

All in violation of Title 18, United States Code, Section 1349.

DATED this 17th day of October, 2005.

_____
JOHN McKAY
United States Attorney

_____
LAWRENCE LINCOLN
Assistant United States Attorney

_____
JANET FREEMAN
Assistant United States Attorney

INFORMATION/USA v. TASYA GEIL - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970